Note—Cases, numbers 19645 and 19646 involve the same questions herein set forth.

### No. 408
### CLEVELAND RY. CO. v. ANDERSON
#### No. 19662. Supreme Court

On motion to certify. Dock. March 4, 1926; 208. CARRIERS—Is a carrier liable for personal injuries sustained by a passenger caused by the negligence of other parties hurriedly boarding a car?

Nora Anderson brought this action originally in the Cuyahoga Common Pleas against The Cleveland Railway Company for injuries received while leaving a car operated by the Company.

It appears that on August 9, 1919, the plaintiff and her husband had boarded a Lake Shore Electric Railway car in the city of Lorain, Ohio, for the purpose of coming to Cleveland. The car arrived in Cleveland at about 8:30 P. M. Upon its arrival, it turned from Superior Avenue onto West Third Street and came to a stop just north of Superior Avenue, for the purpose of discharging its passengers. This was its easterly terminus and all passengers proceeded to alight from the car at this point. The plaintiff and her husband were the last to leave the car. The car was of the interurban type with a rear vestibule, having three steps leading to the ground. At the time of this occurrence, the conductor was standing on the back platform with his back to the rear of the car, looking forward into the car. As the plaintiff was about to step from the car to the pavement, four or five boys rushed from the sidewalk to the rear end of the car for the purpose of carrying the baggage of the passengers. In doing so, it is claimed that they jostled the plaintiff causing her to fall to the pavement. At the time this is said to have occurred, the husband had just stepped onto the pavement, having preceded his wife in alighting, and she at the time was either on the second or lower step. The husband did not have time or opportunity in which to protect his wife from the rush of these boys.

Anderson alleged the Company to have been negligent in failing to warn the plaintiff of the danger of being jostled by the boys; failing to take any precautions to guard the plaintiff from being jostled from the step by the boys and failing to take any precautions to prevent the boys from boarding the car and jostling the plaintiff. The answer was a general denial.

The company, in the Supreme Court, contends:

1. That the Court erred in failing to direct

a verdict for the defendant, both at the close of the plaintiff's case, and at the close of all of the evidence.

2. That the Court erred in its charge to the jury.

3. That the conductor did not have an opportunity to warn Anderson and guard her against the impending danger.

Attorneys—Squire, Sanders and Dempsey, Cleveland, for Co.; Orgill, Maschke & Wickham and L. A. Tucker, Cleveland, for Anderson.